# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-174(2) (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE** |
| DERRICK JEROME SPENCER, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Michael L. Cheever, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Derrick Jerome Spencer, No. 14779-041, Federal Prison Camp – Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* defendant.

In September 2007, a jury found Defendant Derrick Jerome Spencer guilty of three drug offenses: Count 1 – conspiracy to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 846; Count 2 – distribution of 9 ounces of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 3 – distribution of 13.5 ounces of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Indictment at 1-2, May 21, 2007, Docket No. 1 (on file with Court); Jury Verdict, Sept. 18, 2007, Docket No. 145.)

Prior to the trial, the United States gave notice of its intention to seek a sentencing enhancement based on Spencer's prior drug conviction, which—if applicable—would

result in a mandatory minimum of 20 years' imprisonment on Count 1. (Sentencing Enhancement Information at 1, Aug. 31, 2007, Docket No. 98; Am. Sentencing Enhancement Information at 1, Sept. 5, 2007, Docket No. 115.) At sentencing, the Court concluded that the jury made the requisite finding to apply the enhanced 20-year mandatory minimum. (Sentencing Tr. at 20, Mar. 9, 2009, Docket No. 323.) The Court granted Spencer's motion for a downward departure based on his criminal history being overstated and determined Spencer's sentencing guideline range to be 292 to 365 months. (*Id.* at 21-22.) [1] The Court sentenced Spencer to 292 months' imprisonment on Count 1. (*Id.* at 23-24.) It sentenced Spencer to 240 months' imprisonment on Counts 2 and 3. (*Id.*) The Court sentenced Spencer to 10 years of supervised release on all three counts. (*Id.* at 24.) All three sentences were to be served concurrently. (*Id.*)

Spencer appealed his conviction and sentence, but the Eighth Circuit affirmed. *United States v. Spencer*, 592 F.3d 866, 882 (8th Cir. 2010). Spencer later moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on guideline amendments for crack and powder cocaine sentences that were made retroactive. (Mot. to Reduce Sentence, Dec. 4, 2015, Docket No. 432.) The Court granted the motion and reduced Spencer's 292-month sentence to 262 months. (Order, Mar. 17, 2016, Docket No. 441.)

Spencer now brings a Motion to Reduce Sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018 ("First Step Act Motion"). (First Step Act Mot.,

---

[1] Notably, the Court found that the drug quantity attributed to Spencer was nearly nine times the amount necessary to reach the highest base offense level of 38. (Sentencing Tr. at 21.)

May 2, 2019, Docket No. 444.) Because Spencer's offenses are not covered by the First Step Act, he is not eligible for a reduction in sentencing, and the Court will deny his First Step Act Motion.

Spencer has also moved to file a motion to reduce his sentence, (Mot., May 10, 2019, Docket No. 452), and for an immediate ruling on his First Step Act Motion, (Mot., May 14, 2019, Docket No. 453). The Court will deny these motions as moot.

## DISCUSSION

### I. STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed," with some exceptions. One such exception is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

After Spencer was sentenced, Congress enacted the Fair Sentencing Act of 2010, which increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums. *See* Fair Sentencing Act of 2010, PL 111-220, Aug. 3, 2010, 124 Stat. 2372. A 10-year mandatory minimum sentence for offenses involving crack cocaine is now triggered by 280 grams, not 50 grams. *See id.* (amending 21 U.S.C. § 841(b)(1)(A)(iii)). A 5-year mandatory minimum sentence for offenses involving crack cocaine is now triggered by 28 grams, not 5 grams. *See id.* (amending 21 U.S.C. § 841(b)(1)(B)(iii)). The Fair Sentencing Act also eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *See id.* (amending 21 U.S.C. § 844(a)). However, the Fair

Sentencing Act was not made retroactively applicable to sentences imposed before its enactment.

In 2018, Congress enacted the First Step Act, which allows a sentencing court to "impose a reduced sentence" on a defendant who committed a "covered offense" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed." *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5222. A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. *Id.*

The First Step Act does not make a sentence reduction automatic; rather, the defendant, the Director of the Bureau of Prisons, an attorney for the United States, or the court itself must move for such a reduction. *Id.* Furthermore, granting a First Step Act motion is left to the discretion of the court, and a motion for reduced sentence under the First Step Act can only be made once. *Id.*

## II. SPENCER'S FIRST STEP ACT MOTION

While Count 1 involved crack cocaine, the jury also found Spencer responsible for at least five kilograms of powder cocaine. As such, his conviction triggered the statutory penalty set by 21 U.S.C. § 841(b)(1)(A)(ii), which was not modified by the Fair Sentencing Act. Thus, even if the Fair Sentencing Act had been in effect when Spencer committed the offense, he would have been subject to the heightened statutory penalty of 21 U.S.C. § 841(b)(1)(A)(ii) due to the quantity of powder cocaine.

Counts 2 and 3 did not involve crack cocaine. Because the statutory penalties for these offenses were not modified by the Fair Sentencing Act, they are not covered offenses under the First Step Act.

None of Spencer's offenses of conviction are covered offenses under the First Step Act; thus, he is not eligible for a sentence reduction under the First Step Act. As such, the Court will deny Spencer's First Step Act Motion.

### III. ADDITIONAL MOTIONS

Because the Court will deny Spencer's First Step Act Motion, it will also deny his motion to file a motion to reduce his sentence and his motion for an immediate ruling on his First Step Act Motion as moot.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Reduced Sentence Pursuant to Section 404 of the First Step Act [Docket No. 444] is **DENIED**;

2. Defendant's Motion to File a Motion to Reduce Sentence [Docket No. 452] is **DENIED** as moot; and

3. Defendant's Motion for Immediate Ruling on Motion for Imposition of a Reduced Sentence [Docket No. 453] is **DENIED** as moot.

DATED: July 26, 2019
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court