UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.

DERRICK JEROME SPENCER,

           Defendant.

Crim. No. 07-174(2) (JRT/JJG)

**MEMORANDUM OPINION AND ORDER REDUCING SENTENCE ON REMAND**

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Derrick Jerome Spencer, Reg. No. 14779-041, Federal Prison Camp Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* defendant.

In September 2007, a jury found Defendant Derrick Jerome Spencer guilty of three drug offenses: Count 1—conspiracy to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 846; Count 2—distribution of about 9 ounces of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 3—distribution of about 13.5 ounces of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Indictment at 1–2, May 21, 2007, Docket No. 1; Jury Verdict, Sept. 18, 2007, Docket No. 145.)

Prior to the trial, the United States gave notice of its intention to seek a sentencing enhancement based on Spencer's prior felony drug conviction, which—if applicable— would result in a mandatory minimum of 20 years' imprisonment on Count 1.  (Am.

Sentencing Enhancement Information at 1, Sept. 5, 2007, Docket No. 115.) At sentencing in 2009, the Court concluded that the jury made the requisite finding to apply the enhanced 20-year mandatory minimum. (Sentencing Tr. at 20, Mar. 9, 2009, Docket No. 323.) While Spencer's criminal history was initially calculated as Category IV, the Court applied a downward departure based on his criminal history being overstated pursuant to U.S.S.G. § 4A1.3(b) and applied a Category III criminal history when calculating the guideline range. (*Id*. at 21–22.)

At sentencing, the Court adopted the finding of the Presentence Report that Spencer was responsible for 677.52 grams of powder cocaine and 13.3 kilograms of crack cocaine which totaled the equivalent of 266,135.5 kilograms of marijuana under the then-existing guidelines. (Sentencing Tr. at 20–21, Mar. 9, 2009, Docket No. 323; PSR ¶¶ 29, 37 (on file with Court).) The Court determined that this gave Spencer a base offense level of 38 because this quantity was **nearly 9 times the amount needed** to reach the highest base offense level of 38. (Sentencing Tr. at 21.)

The Court determined Spencer's sentencing guideline range to be 292 to 365 months based on applying a Category III criminal history. (*Id*. at 21–22.) The Court sentenced Spencer to 292 months' imprisonment on Count 1, 240 months' imprisonment on Counts 2 and 3, and 10 years of supervised release on all three counts. (*Id*. at 23–24.) All three sentences were to be served concurrently. (*Id*.) Spencer appealed his conviction

and sentence, and the Eighth Circuit affirmed. *United States v. Spencer*, 592 F.3d 866, 882 (8th Cir. 2010).

In 2015, Spencer moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on guideline amendments for crack and powder cocaine sentences that were made retroactive. (Mot. Reduce Sentence, Dec. 4, 2015, Docket No. 432.) The Court granted the motion and reduced Spencer's 292-month sentence to 262 months based on a Category IV criminal history, as required by U.S.S.G. § 1B1.10. (Order, Mar. 17, 2016, Docket No. 441.)

In 2019, Spencer brought a motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018 ("First Step Action Motion"). (First Step Act Mot., May 2, 2019, Docket No. 444.) The Court found that he was not eligible for a sentence reduction and denied the First Step Act Motion. *United States v. Spencer*, No. 07-174(2), 2019 WL 3369792, at *2 (D. Minn. July 26, 2019). Spencer appealed the decision, and the Eighth Circuit reversed and remanded, finding that Spencer is eligible for application of the First Step Act because "covered offenses" for the First Step Act includes multidrug conspiracies involving crack cocaine if the penalty for crack cocaine was modified by the Fair Sentencing Act even if the guideline range remained unchanged. *United States v. Spencer*, 998 F.3d 843, 845 (8th Cir. 2021).

After receiving the mandate, the Court ordered Spencer and the United States to submit briefs regarding resentencing and whether to conduct a hearing. (Notice, July 13,

2021, Docket No. 501; Order File Document, Aug. 16, 2021, Docket No. 508.) The United States opposes any additional reduction of Spencer's sentence on the merits but acknowledges the Court has discretion to reduce Spencer's sentence, and the United States asserts the Court is not required to hold a hearing. (Supp. Opp. Mot. Sentence Reduction, Aug. 10, 2021, Docket No. 505; Citation Supplemental Authority, Aug. 18, 2021, Docket No. 510; Position on Hr'g, Sept. 2, 2021, Docket No. 519.) Spencer never responded to either request from the Court. Therefore, the Court will only consider arguments Spencer raised in his 2019 filing.[1]

Spencer is eligible for resentencing under the First Step Act, and U.S.S.G. § 1B1.10 does not apply to First Step Act motions. Therefore, after considering the sentencing factors, the Court will grant Spencer's motion and reduce his sentence to 240 months imprisonment.

## DISCUSSION

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed," with some exceptions. One such exception is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

---

[1] It appears Derrick Spencer's brother, Antwoyn Spencer—who was convicted and sentenced at the same time as Derrick—may be trying to submit filings on Derrick's behalf. (*E.g.*, Mot. Sentencing Hr'g, Aug. 30, 2021, Docket No. 516 (referencing "the Spencers" and "the litigants"); Mot. Rule on Merits, Aug. 23, 2021, Docket No. 514 (referencing "the Spencer's [sic] motion").) These filings are not signed by Derrick, and Antwoyn has not been permitted to represent Derrick. Therefore, the Court will not consider these filings to the extent they are meant to represent Derrick.

After Spencer was sentenced, Congress enacted the Fair Sentencing Act of 2010, which reduced sentencing disparities between powder cocaine and crack cocaine. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *Spencer*, 998 F.3d at 845. However, the Fair Sentencing Act was not made retroactively applicable to sentences imposed before its enactment.

In 2018, Congress enacted the First Step Act, which allows a sentencing court to "impose a reduced sentence" on a defendant who committed a "covered offense" as if Sections 2 and 3 of the Fair Sentencing Act "were in effect at the time the covered offense was committed." *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. *Id*.

The Court examines motions under the First Step Act in two steps: "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). A defendant sentenced for a multidrug conspiracy whose object was to distribute **both** crack cocaine and powder cocaine is eligible for relief under § 404, regardless of whether the First Step Act ends up decreasing the defendant's sentence. *Spencer*, 998 F.3d at 845–46.

At the first step, Spencer is eligible for resentencing under the First Step Act. Because the statutory penalties for crack cocaine were changed by the Fair Sentencing Act and it was one of the objects of his offense, Spencer's offense is a "covered offense," and he is eligible for relief under § 404 of the First Step Act. *Id.* at 845.

Because Spencer is eligible, the Court must now decide, in its discretion, whether to grant a reduction. *See McDonald*, 944 F.3d at 772. District courts considering a First Step Act sentencing reduction have wide discretion to consider several factors including the 18 U.S.C. § 3553(a) factors, post-sentencing rehabilitation, the sentencing court's drug quantity finding, and other considerations. *United States v. Robinson*, 9 F.4th 954, 959 (8th Cir. 2021).

Spencer was sentenced based upon 677.52 grams of powder cocaine and 13.3 kilograms of crack cocaine. No evidence has been presented indicating he was in fact responsible for less, therefore the Court will continue to apply these amounts. Under the Sentencing Guidelines in effect at his 2009 sentencing, this amount was equivalent to 266,135.5 kilograms of marijuana equivalent and the maximum drug quantity base offense level of 38 was triggered by 150 kilograms of powder cocaine, 4.5 kilograms of crack cocaine, or 30,000 kilograms of marijuana equivalent. U.S.S.G. § 2D1.1(c)(1) (2008); U.S.S.G. § 2D1.1 cmt. n.10 (2008). Today and when considering his 2015 resentencing motion, after application of the Fair Sentencing Act, these quantities are equivalent to 47,629.804 converted drug weight, resulting in a base offense level of 36. U.S.S.G.

§§ 2D1.1(c)(2) (2018); U.S.S.G. § 2D1.1 cmt. nn.7 & n.8(D) (2018).  As no offense-level adjustments apply, Spencer's total offense level is 36.

Next, the Court must decide what Criminal History Category to apply when considering Spencer's First Step Act Motion.  Although the Court applied a Category III criminal history at his initial sentencing, the Court was obligated to apply a Category IV criminal history when evaluating Spencer's 2015 motion because Spencer's eligibility for a reduction arose as a result of an amendment to the Sentencing Guidelines by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. §§ 1B1.10(b), 1B1.10 cmt. n.4.  Downward departures and variances, other than those arising from substantial assistance to authorities, may not be applied based on amendments to the Sentencing Guidelines.  *See United States v. Anderson*, 686 F.3d 585, 588 (8th Cir. 2012).  Spencer, however, is eligible for resentencing now under 18 U.S.C. § 3582(c)(1)(B) because of the First Step Act and not under 18 U.S.C. § 3582(c)(2) because of an action taken by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(B) and the First Step Act place no limitations on the ability of the Court to grant a sentence reduction based upon the effect of a downward departure. Instead, the First Step Act permits the Court to "impose a reduced sentence **as if** sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (emphasis added).  In other words, the Court applies sections 2 and 3 of the

Fair Sentencing Act but otherwise applies all other laws and Sentencing Guidelines as they existed at the time of the pre-Fair Sentencing Act sentencing even if the laws or Guidelines subsequently changed. Therefore, if the Court could consider a downward departure at the time of the original sentencing, it may do so on a First Step Act Motion. If the Court did not have such discretion, it would blunt the retroactive effect of the First Step Act and have the effect of converting it into a § 3582(c)(2) motion. The Court is, however, not obligated to reapply a previous downward departure as the First Step Act gives the Court wide discretion. *See United States v. Moore*, 963 F.3d 725, 727–28 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1118 (2021).

Just at the original sentencing, the Court concludes that Category IV would overstate Spencer's criminal history under U.S.S.G. § 4A1.3(b). Therefore, the Court will use Category III to calculate the applicable guideline range.[2] With a total offense level of 36 and a Criminal History Category of III, Spencer would have guideline range of 235 to 295 months.

Spencer's case presents two additional issues connected with the application of a mandatory minimum. When Spencer was originally sentenced, a 20-year mandatory

---

[2] Spencer argues that the Court should apply a Category II criminal history. (First Step Act Mot. at 5–6.) Spencer seems to be asserting that because he was not charged until 2007, he should not be considered as commencing or committing the offense before 2007. Commencement of an offense includes all relevant conduct which includes all acts during the commission of the offense. *United States v. Burman*, 666 F.3d 1113, 1119 (8th Cir. 2012). The date of commencement is based on when the defendant acted, not the date the defendant was indicted. Spencer's offense conduct commenced in 2001. (PSR ¶ 50.) Therefore, Spencer's arguments do not apply.

minimum applied. The United States filed the proper notification under 21 U.S.C. § 851 that it intended to seek application of a 20-year mandatory minimum because of Spencer's 2000 conviction for sale of a controlled substance. (Am. Information Establish Prior Conviction, Sept. 5, 2007, Docket No. 115.)

First, Spencer argues that the 20-year mandatory minimum should not apply to his case because the First Step Act amended the prior convictions that qualify for these enhancements and his prior conviction no longer qualifies. (First Step Act Mot. at 4– 5.) Spencer is correct that the First Step Act amended the convictions that result in a 21 U.S.C. § 841(b)(1)(A) mandatory minimum. This amendment (1) replaced the phrase "drug felony" with "serious drug felony," (2) defined "serious drug felony" as an offense for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense;" and (3) reduced the mandatory minimum from 20 years to 15 years. First Step Act of 2018, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220–21. The First Step Act, however, did not make any of these changes retroactive. Only Sections 2 and 3 of the Fair Sentencing Act were made retroactive. *See id.* § 404(b). Thus, these new definitions and the decrease to the mandatory minimum in the First Step Act are inapplicable to Spencer because, other than Sections 2 and 3, the Court considers the Motion "as if" the definition and mandatory minimum were still in place as they were at Spencer's original sentencing.

Second, the Fair Sentencing Act changed the applicability of the mandatory minimum in another way. Section 2 amended 21 U.S.C. § 841 such that the (b)(1)(A) penalties—including the 20-year mandatory minimum—apply if a person is convicted of a crime involving 280 grams or more of crack cocaine, rather than 50 grams as was the case when Spencer was sentenced. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372; *compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2018), *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). If a defendant's offense of conviction was for only 50 grams of crack cocaine and a jury made no other findings of fact as to the quantity of crack cocaine, a court considering a First Step Action resentencing motion applies the 21 U.S.C. § 841(b)(1)(B) statutory sentencing range instead of the 21 U.S.C. § 841(b)(1)(A) statutory sentencing range because the jury only convicted the person of 50 grams of crack cocaine and not the 280 grams required to apply the § 841(b)(1)(A) penalties even if the original sentencing court found that the defendant was liable for 280 or more grams of crack cocaine. *Robinson*, 9 F.4th at 958–59; *United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020) ("Because [defendant] was indicted and convicted for only fifty grams of cocaine base . . . [defendant's count] must now be considered a "B felony" under 21 U.S.C. § 841(b)(1)(B)(iii) (involving at least twenty-eight grams of cocaine base), and [defendant] avoids the [statutory penalties] imposed in 2007 as an "A felony" under § 841(b)(1)(A).")

This change, however, also does not affect Spencer.  In addition to being convicted of 50 grams or more of crack cocaine, the jury also found in the same count that the drug quantity involved 5 kilograms or more of powder cocaine.  (Jury Verdict at 1.)  Sections 2 and 3 of the Fair Sentencing Act did not affect powder cocaine.  Because 5 kilograms were sufficient to trigger the § 841(b)(1)(A) penalties when Spencer was sentenced, the 20-year mandatory minimum still applies.[3]  *See* 21 U.S.C. § 841(b)(1)(A) (2006).

In sum, under the First Step Act, the Court may a impose reduced sentence by applying a Category III criminal history, a total offense level of 36, and a 20-year mandatory minimum.[4]  This gives Spencer an effective guideline range of 240 months to 295 months.  *See* U.S.S.G. § 5G1.1(c)(2).

---

[3] There is an incongruity between the quantity of powder cocaine involved as found by the jury at trial and as applied by the Probation Office and the Court at sentencing.  The jury found the United States proved Spencer's offense involved at least 5 kilograms of powder cocaine in Count I, while the Probation Office and the Court applied only 677.52 grams.  The offense of conviction, not the drug quantity applied at sentencing, determines the applicable statutory sentencing range.  *Robinson*, 9 F.4th at 959.  Because Spencer was found guilty of an offense involving at least 5 kilograms of cocaine, 21 U.S.C. § 841(b)(1)(A) and its 20-year mandatory minimum still apply.

Because the mandatory minimum applies, resolving this incongruity would not reduce Spencer's sentence, but would instead result in the Court increasing the amount of powder cocaine applicable to Spencer's sentence from 677.52 grams to at least 5 kilograms.  This would increase his converted drug weight to at least 48,494.3 kilograms which would not impact his base offense level but would increase the seriousness of his offense.  Although the Court must apply the § 841(b)(1)(A) penalties to remain faithful to the jury's verdict and to calculate the applicable statutory sentencing range, the Court will continue applying the Probation Office's findings when exercising its discretion.

[4] In his Motion, Spencer makes other legal arguments to reduce his sentence that are not part of the First Step Act.  (*See* First Step Act Mot. at 6–7.)  He argues that that the Court cannot apply any fact beyond what the jury found and that the top of the guideline range is the statutory maximum.  (*Id.*)  First, the United States need only prove by a preponderance of the evidence the facts necessary for a sentencing enhancement and for the base level offense calculation.  *United*

After determining the guideline range, the Court has wide discretion to determine whether to reduce Spencer's sentence. In weighing whether to grant a reduction, the Court may but is not obligated to hold a hearing. *McDonald*, 944 F.3d at 772. The Court will not hold a hearing because all of Spencer's arguments in support of his motion are legal arguments the Court can resolve without a hearing and nothing indicates that a hearing would be helpful to the Court.

After a review of all relevant considerations in a First Step Act motion including the § 3553(a) factors, a 240-month sentence, the mandatory minimum sentence, is sufficient but not greater than necessary in this case. The Court can find no basis for a variance from the guideline range and 21 U.S.C. § 3553(e) does not apply to allow a sentence below the mandatory minimum. The Court may not impose a sentence below the applicable 20-year mandatory minimum but concludes that reducing Spencer's sentence to 240 months adequately reflects his criminal history, the seriousness of his crimes including the quantity of drugs and his role in the offense, and the need to protect the public. Therefore, the Court will grant Spencer's Motion and reduce his sentence to 240 months.

---

*States v. Brooks*, 648 F.3d 626, 629 (8th Cir. 2011); *United States v. Starr*, 986 F.2d 281, 282 (8th Cir. 1993). Second, Spencer is simply incorrect that the top of the guidelines range is the statutory maximum for a crime.

He also argues that the word "may" in § 404(b) of the First Step Act means "must" or "is required to." (First Step Act Mot. at 3.) While Spencer is correct that the Court must go to the second step if the defendant is eligible under the first step, the Court still retains sentencing discretion in Step Two. *McDonald*, 944 F.3d at 772.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's First Step Motion [Docket No. 444] is **GRANTED;** and

2. Defendant's previously imposed sentence of imprisonment of 262 months is reduced to 240 months.

DATED: December 20, 2021  
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM  
                                                Chief Judge  
                                    United States District Court